UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY MORRIS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 4:25-cv-4098-SEM-DJQ<br>) |
| GREGG SNYDER, et al.,<br>    Defendants. | )<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Gregory Morris, a civil detainee at the Rushville Treatment and Detention Center ("Rushville"), has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which was severed from Central District of Illinois Case 25-cv-4014, *Wahl v. Snyder et al.* Plaintiff has also requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are not prisoners as defined in 28 U.S.C. § 1915(h) and has filed a motion to request counsel.

### I. COMPLAINT

**A. Screening Standard**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without

Page **1** of **7**

legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal cause of action.

In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff's Complaint lists as Defendants Sarah D. Culbertson Memorial Hospital (the "Hospital") and the Hospital CEO Gregg Snyder.

Plaintiff alleges that he has been detained at Rushville since 1998. Since approximately 2010 and while still detained at

Rushville, Plaintiff has been treated at the Hospital for various medical needs, ranging from diagnostic tests to treatment with medications. In order to receive treatment and appointments at the Hospital, Plaintiff alleges that he has been required to provide personal identifying information, including his Social Security number, date of birth, age, Medicare/Medicaid information, prescription drug information, history of past medical procedures, and addresses.

Plaintiff alleges that, on November 21, 2023, he received via U.S. Mail a notification from Defendant Snyder that a data breach of the Hospital's computer system potentially exposed his personal identifying information to third parties. The letter allegedly offered a one-year subscription to Equifax identity monitoring services to address the data breach.

Plaintiff alleges that he wrote letters to Defendant Snyder and to a law firm representing the Hospital, informing them that his confinement at Rushville foreclosed access to the internet and Equifax. Plaintiff alleges that the subscription to Equifax identity monitoring services was therefore inadequate to address the data

breach. Plaintiff alleges that he received limited responses to his letters.

C. ANALYSIS

Plaintiff alleges that Defendants violated his constitutional rights to privacy and due process, as well as regulations under federal and state law.

The Seventh Circuit has recognized a Fourteenth Amendment right "to the privacy of medical, sexual, financial, and perhaps other categories of highly personal information." *Doe v. Gray*, 75 F.4th 710, 717 (7th Cir. 2023).

However, "[s]ection 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The fact that Plaintiff was confined at the time he received services from a private hospital does not, on its own, automatically permit an inference that the Hospital or its officials were state actors for purposes of 28 U.S.C. § 1943. *See DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022).

Further, Plaintiff's allegations do not permit a plausible inference that Defendant Snyder personally disclosed Plaintiff's

information to third parties or that the data breach resulted from a hospital policy Defendant Snyder knew would result in the violation of Plaintiff's constitutional rights. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff's allegations that Defendants were negligent with the handling of his personal identifying information is not sufficient to state a constitutional claim. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). And Plaintiff has not cited any federal statute or rule that provides a private cause of action for the unauthorized disclosure of medical information. Courts that have decided the issue have held that the Health Insurance Portability and Accountability Act ("HIPAA") does not provide one. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. May 4, 2011).

For the foregoing reasons, the Court finds that Plaintiff fails to state a claim arising under the U.S. Constitution or federal law.

Absent a viable federal claim, the Court expresses no opinion on Plaintiff's state law claims at this time.

Plaintiff's Complaint is dismissed with leave to amend, in order to permit Plaintiff the opportunity to clarify his allegations and to provide any additional information he wishes the Court to consider.

## II. REQUEST FOR COUNSEL

Plaintiff has no constitutional or statutory right to counsel in this case. In considering a plaintiff's motion requesting counsel, the Court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied without prejudice.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's Complaint [1] is DISMISSED, without prejudice, for failure to state a claim.

2)   Plaintiff's Motion to Request Counsel [2] is DENIED without prejudice.

3)   Plaintiff is granted leave to file an amended complaint, within 30 days. Plaintiff's amended complaint will replace the original Complaint in its entirety; that is, piecemeal amendments are not accepted. If Plaintiff does not file an amended complaint by that date, or if the amended complaint still fails to state a claim, then Plaintiff's request to proceed *in forma pauperis* will be denied, and this case will be dismissed with prejudice.

4)   The Clerk is directed to send Plaintiff a blank complaint form.

ENTERED May 22, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE