UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| GREGORY MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    25-4098 |
| | ) |
| GREGG SNYDER, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") filed the present lawsuit alleging claims related to a data breach at a hospital where he had previously received medical treatment. The matter comes before the Court for ruling on Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3), Motion for Reconsideration (Doc. 8), Motion to Request Counsel (Doc. 11), and Motion for Leave to File an Amended Complaint (Doc. 12).

### Motion for Reconsideration (Doc. 8)

Plaintiff and three detainees at Rushville TDF filed the present lawsuit alleging claims arising from a data breach at Sarah D.

Culbertson hospital. In the original case, Chief Judge Darrow found that joinder of the plaintiffs' claims was not appropriate under the federal rules and severed the plaintiffs' respective cases accordingly. <u>Wahl, *et al.* v. Snyder</u>, No. 25-4014, at ECF No. 22 (C.D. Ill.). Chief Judge Darrow found that the claims required an individual assessment of each plaintiff's damages and that the risks of confusion, logistical concerns, and privacy outweighed any benefit proceeding jointly would provide. <u>Id.</u> at 2.

Plaintiff's motion asks the Court to reconsider this ruling. He argues that the four original plaintiffs "synchronously labored upon this complaint," that the defendants "have, at all times, been served in accordance with Federal Rule of Civil Procedure 5(3)(b)(1)," and that proceeding independently "would further burden each plaintiff, requiring more money to cover costs associated with tailoring their arguments independently to serve the same defendants." Plaintiff asserts that the Court misapplied Fed. R. Civ. P. 19.

"[D]istrict judges may reconsider interlocutory orders at any time before final judgment." <u>Terry v. Spencer</u>, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present

newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).

This Court did not enter the order severing these cases, and the Court declines to reconsider an order entered in another case. To the extent that Plaintiff seeks to consolidate his case with the other cases now pending or to join those plaintiffs in this case, Plaintiff has not shown how he would be unable to obtain the relief he seeks absent joinder of the other plaintiffs, or how proceeding individually will affect the other plaintiffs' abilities to protect their own interests. Absent these showings, Fed. R. Civ. P. 19 does not require joinder. The Court notes that similar motions have been denied in the other cases. See Wahl, *et al.*, No. 25-4014, at ECF No. 29; Parker v. Snyder, No. 25-4104, ECF No. 9 (C.D. Ill.). Plaintiff's motion is denied.

**Plaintiff's Motion for Leave to Proceed in forma pauperis and Motion for Leave to File an Amended Complaint (Docs. 3, 12)**

Plaintiff seeks leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h). As a

threshold matter, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12) is granted.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed in forma pauperis only if the complaint states a federal action.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff is civilly detained at Rushville Treatment and Detention Facility ("TDF"). Plaintiff alleges that on November 21, 2023, officials from Sarah D. Culbertson Memorial Hospital notified him of a data breach that had occurred in March 2023 that may have exposed his personal identifying information. The officials provided him with a one-year subscription to Equifax. Plaintiff alleges that his confinement restricts his access to the internet, prevents him from taking advantage of the Equifax subscription, and, therefore, makes him more vulnerable to cyber theft than patients who are not confined.

Plaintiff alleges that his inability to access the internet prevents him from investigating how cyber thieves have used his personal information. Plaintiff alleges that Hospital officials failed to notify TDF officials of the data breach so that they could "advise the RTDF population and/or initiate a pro-social role to contain and eliminate it." Plaintiff named the hospital as the sole defendant. He alleges claims for negligence, breach of implied contract, and violation of the Illinois Consumer Fraud Act.

Federal district courts have original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the

United States," and in civil actions where diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. If original jurisdiction exists, the district court may take supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367. The Court must dismiss an action if it finds at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff's amended complaint does not assert a violation of federal law over which the Court has original jurisdiction, nor does diversity of citizenship exist between the parties. The Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. Because no federal claims exist, supplemental jurisdiction of Plaintiff's state law claims is not appropriate under § 1367. Accordingly, this case is dismissed without prejudice. Citadel Sec., LLC v. Chicago Bd. Options Exchange, Inc., 808 F.3d 694, 701 (7th Cir. 2015) ("A dismissal for lack of subject matter jurisdiction is not a decision on the merits, and thus cannot be a dismissal with prejudice."). Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is accordingly denied.

**Plaintiff's Motion to Request Counsel (Doc. 11)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and the facts of this case are not overly complex. Plaintiff demonstrated that he was capable of representing himself at this stage, and, because the Court does not have subject-matter jurisdiction, the Court lacks authority to grant this relief. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions [8][11] are DENIED.**

2) **Plaintiff's Motion for Leave to File Amended Complaint [12] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

3) **Plaintiff's Petition to Proceed in forma pauperis [3] is DENIED.**

4) **Plaintiff's complaint is dismissed without prejudice for pursuant to Fed. R. Civ. P. 12(h)(3). Any amendment to the amended complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

ENTERED:  9/11/2025

FOR THE COURT:

               *s/Sue E. Myerscough*
               SUE E. MYERSCOUGH
      UNITED STATES DISTRICT JUDGE